IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3059-FL

| | |
|---|---|
| EDDIE GAMBLE, SR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DR. JUDE O. ONUOHA, REGINALD WRIGHT, ALL FOUR OFFICERS UNDER L. WRIGHT AUTHORITY, and ALL UNDER L.T. WILLIAMS AUTHORIZE AUTHORITY,[1] | ) ORDER |
| | ) |
|     Defendants. | ) |

This matter is before the court on defendants' motion to dismiss for failure to state a claim, or in the alternative, motion for summary judgment. (DE 47). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants defendants' motion.

**STATEMENT OF THE CASE**

On March 7, 2016, plaintiff, a federal inmate, filed this civil rights action pro se pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff asserts in this action that he was given the wrong medication which has caused him harm and that he was assaulted by prison officials. (See Amended Complaint (DE 20) at 5-6).

Plaintiff has filed several complaints in this case. In the original complaint, filed on March 7, 2016, plaintiff alleged that defendant Dr. Onuoha ("Onuoha") caused him injury by giving him the wrong medication, namely "lasex." Plaintiff asserted no other claims in that complaint. (See

---

[1] Plaintiff inconsistently refers to defendant L. Wright as either "L. Wright" or "L.T. Wright" in his operative complaint. (See DE 20).

Complaint (DE 1 at 2-3)). On April 4, 2016, plaintiff refiled his complaint on the proper form, naming defendant Onuoha as the sole defendant. (Refiled Complaint (DE 7)). The factual allegations in that complaint, in their entirety, were that "[defendant Onuoha] is responsible for the plaintiff having a heart attack, stroke, and castration, when medical indications did not require it. In addition, the plaintiff has cataracts on his eyes due to [defendant Onuoha's] actions and conduct." (See id.).

On November 15, 2016, the court found that the allegations in that complaint were conclusory, and lacked sufficient factual support to state a claim, informing plaintiff that he could file an amended complaint within 14 days and directing that the amended complaint "must state the injury stemming from defendant Dr. Onouha's actions or inactions, and the alleged facts to support his claim." (DE 17).

After the court allowed for an additional extension of time in which plaintiff could file his amended complaint, plaintiff filed the instant operative amended complaint on January 24, 2017. (Amended Complaint (DE 20)). In the complaint, plaintiff again names defendant Onuoha, and additionally names for the first time defendant L. Wright ("Wright") and "all four officers under L.T. Wright authority all under L.T. Williams authorize authority." (Id. at 3-4).[2]

In his complaint, plaintiff alleges that defendant Onuoha "gave plaintiff lasex (sic) that cause castration heart attack catracts (sic) blurred eye vision lost visability (sic)." (Id. at 5). Plaintiff additionally alleges that "[a]ll four officer (sic) under L.T. Wright authority beat plaintiff in the face broke teeth" while he was "in segregation unit." (Id. at 6.) He reportedly "need[s] a partial plate to go in [his] mouth." (Id. at 5.) He makes no allegations against the unnamed defendants "under

---

[2] It appears that defendant "L.T. Wright" refers to Reginald Wright who, at the time of the events alleged in the complaint, was a lieutenant at the Federal Correctional Institution II in Butner, North Carolina ("FCI II Butner").

2

L.T. William['s]" authority. Plaintiff asserts that all of the conduct complained of occurred in June 2013, while he was confined FCI II Butner.

The court conducted a frivolity review of the complaint under 28 U.S.C. § 1915, allowing plaintiff's claims against defendants Onuoha and Wright to proceed and directing "[t]he United States Attorney [] to provide plaintiff with the discovery materials necessary to discover the identity of the unnamed (i.e. 'John Doe') defendants within 21 days after service of the complaint." (DE 22 at 3). In response, the government moved the court to reconsider its order, and asked the court to dismiss the claims asserted against defendants Wright and the John Doe defendants as time-barred. (DE 31). On March 31, 2017, the court denied the government's motion to reconsider, but held that the defendants may raise the statute of limitations argument in a future dispositive motion. (DE 35). The government subsequently provided plaintiff the names of all Bureau of Prisons ("BOP") employees who worked or were scheduled to have worked in the Special Housing Unit (referred to by plaintiff as "segregation unit") at FCI II Butner in June 2013, when plaintiff was housed there.

On June 13, 2017, defendants filed their instant motion to dismiss for failure to state a claim, or in the alternative, motion for summary judgment, including in support of their motion plaintiff's relevant medical records and records regarding grievances filed by plaintiff with BOP. Plaintiff did not file a response.

## STATEMENT OF THE FACTS

The undisputed facts are as follows. Plaintiff is confined in BOP custody serving the remainder of a federal term of imprisonment. He was confined at FCI II Butner from May 2007 until August 2014.

3

Defendant Onuoha worked at FCI II Butner from 2009 until July 2013 as a medical officer and was plaintiff's primary medical care provider in 2012 but not 2013. BOP medical records show that plaintiff was prescribed Lasix medication in 2013 by BOP medical staff (other than defendant Onuoha) for treatment of plaintiff's congestive heart failure and hypertension.

Plaintiff claims that four unnamed officers "under L.T. Wright authority" assaulted him in June 2013, while he was in the "segregation unit" at FCI II Butner, but provides no information as to defendant Wrights involvement in the alleged assault or how defendant Wright may have directed or authorized the alleged assault.

From June 2013, when the conduct complained of in the complaint allegedly occurred, through March 7, 2016, when Gamble filed the initial complaint in this case, the BOP received 27 administrative remedy requests from plaintiff, only 8 of which arguably pertain to the conduct complained of in this litigation. BOP rejected each of those 8 requests because plaintiff failed to first submit such requests to the Warden via a BP-9 request, in accordance with federal regulations.

## DISCUSSION

Defendants raise the affirmative defense that plaintiff failed to exhaust his administrative remedies. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to properly exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Ross v. Blake, ___ U.S. ___, 136 S. Ct. 1850, 1856 (2016) ("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."); Woodford v. Ngo, 548 U.S. 81, 83–85 (2006) (requiring "proper" exhaustion of administrative remedies); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th

4

Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . .until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."). A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The BOP provides a four-step administrative remedy procedure. The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written administrative remedy request to the warden using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the warden's response, he then may appeal to the BOP's regional director, using a BP-10 form, and then to the BOP's General Counsel, using a BP-11 form. See 28 C.F.R. § 542.15.

Here, the record reflects that plaintiff filed 27 administrative remedy requests from June 1, 2013 to March 7, 2016. Of these 27 requests, 17 pertained to topics clearly not at issue in this litigation, (for example, complaints pertaining to privacy in bathroom; property loss; alleged stopping of court case; seeking compensation for stolen goods; transfer, copy of medical records and refund; request for property and information on wife's kidnaping; staff discrimination, profiling, prejudice), and 2 requests were rejected due to being illegible.

The remaining 8 administrative remedy requests received during the above-referenced period pertained to medical issues or allegations of staff misconduct. The BOP rejected each of those 8 requests because plaintiff failed to first submit such requests to the warden via a BP-9 request, in accordance with federal regulations. The following administrative remedy requests were rejected by the regional office and/or central office for failure to first submit such request to the warden via a BP-9 request: Remedy ID 750087-Al (pertaining to "staff complaint"); Remedy ID 765392-Rl (pertaining to "staff complaint"); Remedy ID 793420-Rl (pertaining to "staff complaint"); Remedy ID 808954-Al (alleged "staff assault at Butner"); Remedy ID 809601-Al (alleged "staff assault and racial discrimination"); Remedy ID 826535-Rl (pertaining to "medical"); Remedy ID 793420-Al (pertaining to "staff complaint"); and Remedy ID 826535-Al (pertaining to "medical"). The court additionally notes that remarks included in response to the remedy requests repeatedly direct plaintiff to file his requests consistent with the BOP's administrative remedy process.

The court finds that plaintiff has not properly exhausted his available BOP administrative remedies for either of the claims at issue.

Additionally, plaintiff's claim against defendant Wright and the unnamed officers is barred by the statute of limitations. There is no federal statute of limitations for actions brought under 42 U.S.C. § 1983. Instead, the analogous state statute of limitations applies. See Wallace v. Kato, 549 U.S. 384, 387 (2007). Specifically, the state statute of limitations for personal injury actions governs claims brought under 42 U.S.C. § 1983. See id. North Carolina has a three-year statute of limitations for personal injury actions. N.C. Gen. Stat. § 1-52(5); see Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996). Although the limitations period for claims brought under § 1983 is borrowed from state law, the time for accrual of an action is a question of

federal law. Wallace, 549 U.S. at 388; Brooks, 85 F.3d at 181. A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 389 (4th Cir. 2014). Finally, "[w]hen a state statute [of limitations] is borrowed . . . the federal court will also borrow the state rules on tolling." Shook ex rel Shook v. Gaston Cnty. Bd. of Educ., 882 F.2d 119, 121 (4th Cir. 1989); see Bd. of Regents v. Tomanio, 446 U.S. 478, 483–85 (1980); Bonneau v. Centennial Sch. Dist. No. 28J, 666 F.3d 577, 580 (9th Cir. 2012).

North Carolina law allows the tolling of the statute of limitations for person who are mentally incompetent. See N.C. Gen. Stat. § 1–17(a)(3). Additionally, under North Carolina law, equitable tolling precludes a statute of limitations defense "when a party has been induced by another's acts to believe that certain facts exist, and that party 'rightfully relies and acts upon that belief to his detriment.'" Jordan v. Crew, 125 N.C. App. 712, 720 (1997) (quoting Thompson v. Soles, 299 N.C. 484, 487 (1980)); accord Nowell v. Great Atl. & Pac. Tea Co., 250 N.C. 575, 579 (1959).

In the operative complaint in this case, filed on January 24, 2017, plaintiff, for the first time, alleged that defendant Wright and unnamed officers assaulted plaintiff at FCI II Butner. From the face of plaintiff's operative complaint, filed January 24, 2017, plaintiff's complaint was filed more than three years after the alleged June 2013 assault. Plaintiff would have possessed sufficient facts to support the instant claim no later than June 2013, when he claims he was assaulted. Accordingly, plaintiff's claim against Wright and the unnamed officers would have accrued no later than June 2013 and, in order to be timely, had to have been filed no later than June 2016. Plaintiff offers no evidence or argument that would allow the court to find his claims subject to tolling under North Carolina law.

Plaintiff's claim against defendants Wright and the unnamed officers additionally do not "relate back" to the date plaintiff filed his original complaint. Under the "relation back" doctrine, a plaintiff may file a new complaint and effectively circumvent the statute of limitations, because the amended complaint "relates back" to date on which the plaintiff filed his original complaint.

As relevant here, an amendment to a pleading relates back to the date of the original pleading when:

    (A)    the law that provides the applicable statute of limitations allows relation back;

    (B)    the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . .

Fed. R. Civ. P. 15(c)(1).

Under North Carolina law,

> A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

N.C. R. Civ. P. 15(c).

Neither North Carolina Rule of Civil Procedure 15(c) nor Federal Rule of Civil Procedure 15(c)(1)(B) provide plaintiff any relief. Plaintiff's claims against defendants Wright and the unnamed officers are wholly unrelated to the claim made by plaintiff in his original complaint against defendant Onouha.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss is GRANTED (DE 47), and plaintiff's claims against defendant Wright and unnamed officer are DISMISSED WITH PREJUDICE as

8

barred by the applicable statute of limitations. Plaintiffs remaining claim is DISMISSED WITHOUT PREJUDICE for failure to exhaust his administrative remedies. The clerk is DIRECTED to close the case.

    SO ORDERED, this the 20th day of March, 2018.

                                        LOUISE W. FLANAGAN
                                        United States District Judge